UNITED STATES of America,
Plaintiff–Appellee,

v.

Ahmad BISHAWI, Defendant–
Appellant.

No. 03–4096.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 7, 2004.[*]

Decided Sept. 10, 2004.

James M. Cutchin, Office of the United States Attorney, Benton, IL, for Plaintiff–Appellee.

Vilija Bilaisis, Ludington, MI, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and MANION, Circuit Judges.

### Order

This is a fourth appeal in Ahmad Bishawi's criminal prosecution. Two years ago we described the third as the "final" appeal, but the district court then vacated and reentered the sentence following the prosecutor's confession that Bishawi had received ineffective assistance of counsel. We are skeptical about this maneuver, which appears to be an effort to provide Bishawi with an additional appeal, contravening limits on our jurisdiction. It is unnecessary to pursue this line of inquiry, however, because Bishawi is not entitled to relief on any view of matters.

As our prior opinions and orders discuss, Bishawi has been sentenced to 20 years' imprisonment for cocaine offenses. He wants to argue in this belated proceeding that the district court should not have credited evidence about the quantity of drugs involved. That is a loser (no wonder counsel omitted it earlier), for appellate courts do not second-guess credibility resolutions and other findings of fact made by district judges. There can be no doubt that the evidence, now taken in the light most favorable to the district judge's findings, supports a conclusion that Bishawi conspired to distribute at least 50 grams of crack.

---

[*] This successive appeal has been submitted to the panel that resolved the prior appeal. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

In a supplemental brief in this court, Bishawi contends that the district judge's role transgresses the sixth amendment, as understood in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), cert. granted, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, No. 04–104, 2004 WL 1713654 (U.S. Aug. 2, 2004). This argument is not properly presented, as it was never made in the district court, and counsel cannot have been ineffective to have omitted it in this court in prior proceedings. Moreover, it is inconsistent with *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which holds that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on which *Blakely* and *Booker* depend, does not affect mandatory minimum sentences. Bishawi's sentence of 20 years' imprisonment was the *lowest* he could have received, given his prior convictions and his agreement to distribute more than 50 grams of crack.

Bishawi contends that *Blakely* supersedes *Harris*, but the Court did not say that *Harris* had been overruled, and we are obliged to apply the Supreme Court's decisions until they are overruled expressly.

The statutory maximum for Bishawi was life in prison, given his prior convictions, which *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), holds may be evaluated by a judge rather than a jury. Moreover, under 21 U.S.C. § 841 the *lowest* maximum sentence for a cocaine offense of any quantity by a first offender is 20 years' imprisonment; thus the rule of *Apprendi* is not implicated by Bishawi's 20–year sentence. We do not have a situation in which a mandatory minimum, computed under *Almendarez–Torres* and *Harris*, exceeds the maximum sentence authorized by the jury's findings.

AFFIRMED